USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/9/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
XERIANT, INC.,

                    Plaintiff,

          -against-                                              23-cv-9200 (LAK)

AUCTUS FUND, LLC,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        This is an action for rescission of certain transaction documents between the parties on the theory that they are void by virtue of Section 29(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78cc(b), because defendant at the time of the transaction was a "dealer" within the meaning of the Exchange Act that was required thereby to have registered with the SEC but had not done so. Plaintiff asserts also various other claims under state law. Defendant moves to dismiss the Exchange Act claim on the grounds that it is barred by the statute of limitations and, in any case, fails to state a legally sufficient claim. It seeks dismissal of the state law claims on the ground that the governing law clause of the relevant contract requires application of the law of a state different from the states under the laws of which plaintiff seeks relief.

        The statute of limitations argument is without merit. To be sure, plaintiff knew, at least constructively, that the defendant was not a *registered* dealer at the time the parties contracted. Nonetheless, the complaint, viewed in the light most favorable to the plaintiff, would permit proof that plaintiff neither was aware nor chargeable, more than one year before the complaint was filed,

2

with knowledge of defendant's activities that allegedly brought defendant within the statutory definition of "dealer," 15 U.S.C. § 78c(a)(5)(A)–(B), and thus gave rise to the obligation of registering with the SEC.

The substantive reach of Section 29(b) is another matter. Assuming *arguendo* that Section 29(b) gives rise to a private right of action to void an agreement, the plaintiff would be required to allege facts demonstrating that the agreement the plaintiff seeks to void obligated the defendant to act as a dealer. Def. Mem. (Dkt 11) at 10–11 (collecting cases); Def. Reply Mem. (Dkt 27) at 7–8. The complaint alleged no such facts. Plaintiff's contention that the agreement at issue may be voided on the theory that it permitted defendant to continue a practice that plaintiff regards as inconsistent with the objective of the Exchange Act registration provision and therefore is reachable under Section 29(b) is unsupported by authority and unpersuasive.

As defendant points out, plaintiff has not sought to defend the sufficiency of its state law claims, which therefore are dismissed.

Plaintiff has identified no basis on which it could amend its complaint to remedy its defects. Hence, its request for leave to amend, unsupported by any proposed amended pleading, is denied.

The motion to dismiss (Dkt 10) is granted. The Clerk shall close the case.

SO ORDERED.

Dated:      February 9, 2024

_____
Lewis A. Kaplan
United States District Judge