**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

XERIANT, INC.,

          *Plaintiff,*

   v.

AUCTUS FUND, LLC,

          *Defendant.*

No. 1:23-cv-9200-LAK

**DEFENDANT AUCTUS FUND LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................... 1

    I.    Auctus is Entitled to Recover Fees and Expenses Incurred in Defending this Action. ...............................................................................................1

        A.    The Parties' Agreements Entitle Auctus to Attorneys' Fees and Expenses. ................................................................................................1

        B.    Auctus's Claimed Attorneys' Fees are Reasonable under the Lodestar Method Applicable Here. ..........................................................2

            1.    Rates Claimed by Auctus are Reasonable. ....................................3

            2.    Hours Claimed by Auctus are Reasonable ....................................8

        C.    Auctus is Entitled to Particularized Research Expenses ...........................11

CONCLUSION ............................................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chevron Corp. v. Donziger*,
  No. 11-cv-0691 (LAK), Dkt. 2264 (S.D.N.Y. July 16, 2019) ...................................................8

*Doe 1 v. East Side Club, LLC*,
  No. 18-cv-11324, 2023 WL 4174141 (S.D.N.Y. June 23, 2023) .............................................3

*Ebbert v. Nassau Cty.*,
  No. 05-cv-5445, 2011 WL 6826121 (E.D.N.Y. Dec. 22, 2011)................................................8

*Google LLC v. Starovikov*,
  No. 21-cv-10260, 2023 WL 2344935 (S.D.N.Y. Mar. 3, 2023)................................................3

*Grant v. Martinez*,
  973 F.2d 96 (2d. Cir. 1992)......................................................................................................9

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983).................................................................................................................3

*Infinity Transp. MSN 6651, LLC v. Synergy Aerospace Corp.*,
  No. 19-cv-209, 2023 WL 2789516 (S.D.N.Y. Feb. 24, 2023) .................................................4

*LeBlanc-Sternberg*,
  143 F.3d 748, 763 (2d Cir. 1994)...........................................................................................11

*Lunday v. City of Albany*,
  42 F.3d 131 (2d Cir. 1994).......................................................................................................9

*Miltland Raleigh-Durham v. Myers*,
  840 F. Supp. 235 (S.D.N.Y. 1993).........................................................................................11

*N.L. v. New York City of Dep't of Educ.*,
  No. 21-cv-11215, 2023 WL 2872624 (S.D.N.Y. Jan. 20, 2023) .............................................2

*Najera v. 144 Ninth Gotham Pizza, Inc.*,
  No. 12-cv-3133, 2017 WL 728703 (S.D.N.Y. Feb. 24, 2017) .................................................9

*Odeon Capital Grp., LLC v. Ackerman*,
  No. 16-cv-264, 2018 WL 1089749 (S.D.N.Y. Feb. 2, 2018) .................................................11

*Orthopaedic Hosp. v. Encore Med., LP*,
  No. 19-cv-970, 2021 WL 5449041 (S.D. Cal. Nov. 19, 2021)................................................4

*People v. Amazon.com, Inc.*,
  205 A.D.3d 485 (N.Y. App. Div. 2022) ..................................................................................7

## TABLE OF AUTHORITIES
## (continued)

Page(s)

*McDonald ex rel. Prendergast v. Pension Plan of the HYSA-ILA Pension Tr. Fund*,
    450 F.3d 91 (2d Cir. 2006) .................................................................................................... 3

*Roma Landmark Theaters, LLC v. Cohen Exhibition Co. LLC*,
    C.A. No. 2019-0585-PAF, 2021 WL 5174088 (Del. Ch. Nov. 8, 2021) .................................. 8

*Rosario v. City of New York*,
    No. 18-cv-4023, 2023 WL 2908655 (S.D.N.Y. Jan. 27, 2023) ............................................... 3

*SEC v. Auctus Fund Mgmt., LLC et al.*,
    No. 23-cv-11233 (D. Mass) .................................................................................................... 7

*Soc. Life Network, Inc. v. LGH Invs., LLC*,
    No. 22-55774, 2023 WL 3641791 (9th Cir. May 25, 2023) ............................................... 7, 8

*Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*,
    No. 21-cv-21373, 2023 WL 5053985, (S.D. Fla. July 20, 2023), *report and recommendation adopted*, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023) ................................ 8

*Tessemae's LLC v. Atlantis Capital LLC*,
    No. 18-cv-4902, 2019 WL 2635956 (S.D.N.Y. June 27, 2019) ............................................. 2

*In re TransPerfect Glob., Inc.*,
    C.A. 10449-CB, 2021 WL 1711797 (Del. Ch. Apr. 30, 2021) ............................................... 8

*Trump v. Clinton*,
    No. 22-cv-14102, 2023 WL 333699 (S.D. Fla. Jan. 19, 2023) ............................................... 5

*United States Football League v. National Football League*,
    887 F.2d 408 (2d Cir. 1989) ................................................................................................. 11

*United States for Use & Benefit of Wells Cargo, Inc. v. Alpha Energy & Elec., Inc.*,
    No. 18-cv-1182, 2023 WL 2570424 (D. Nev. Mar. 20, 2023) ............................................... 2

**INTRODUCTION**

This is a textbook case for an award of attorneys' fees pursuant to a contractual agreement between two parties. When Plaintiff Xeriant, Inc. ("Xeriant") borrowed nearly $5 million from Defendant Auctus Fund LLC ("Auctus"), it expressly agreed that the prevailing party in any litigation arising under the parties' contracts has a right to recover its legal fees and expenses. Auctus clearly prevailed. Dkt. 28. The Court dismissed all of Xeriant's claims, denied leave to amend, and closed the case. Under the parties' contracts and Federal Rule of Civil Procedure 54(d)(2), Auctus may now recover the fees and expenses it is owed.

**ARGUMENT**

**I.     Auctus is Entitled to Recover Fees and Expenses Incurred in Defending this Action.**

   **A.     The Parties' Agreements Entitle Auctus to Attorneys' Fees and Expenses.**

Xeriant commenced this action on October 19, 2023, asserting claims under Section 29(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a)(1), and various state laws and seeking to void certain agreements pursuant to which Xeriant borrowed nearly $5 million from Auctus. The agreements that were the subject of Xeriant's claims provide that, in the event of any dispute arising out of or in connection with the agreement, the prevailing party is entitled to recover attorneys' fees and expenses:

- Section 4.6 of the Senior Secured Promissory Note, dated October 27, 2021, provides: "The prevailing party in any action or dispute brought in connection with this the Note or any other agreement, certificate, instrument or document contemplated hereby or thereby shall be entitled to recover from the other party its reasonable attorney's fees and costs." Dkt. 12-3 at 14.

- Section 8(a) of the Security Purchase Agreement, dated October 27, 2021, provides: "The prevailing party" in "any dispute hereunder or in connection with or arising

1

out of this agreement" "shall be entitled to recover from the other party its reasonable attorney's fees and costs." Dkt. 12-2 at 16.

- Section 10 of the Common Stock Purchase Warrant, dated October 27, 2021, provides: "The prevailing party" in "any dispute hereunder or under any other transaction document entered into in connection with or arising out of this warrant" "shall be entitled to recover from the other party its reasonable attorney's fees and costs." Dkt. 1-2 at 7.

The parties' agreements are governed by Nevada law. Dkt. 12-3 at 14; Dkt. 12-2 at 16; Dkt. 1-2 at 7. And under Nevada law, "attorneys' fees are available by way of contract." *United States for Use & Benefit of Wells Cargo, Inc. v. Alpha Energy & Elec., Inc.*, No. 18-cv-1182, 2023 WL 2570424, at *5 (D. Nev. Mar. 20, 2023).

On February 9, 2024, this Court dismissed all of Xeriant's claims with prejudice and closed the case. Dkt. 28. The Court's order entitles Auctus to an award of attorneys' fees and expenses because Auctus is clearly the prevailing party under the agreements; the Court granted Auctus's motion to dismiss and dismissed the case in its entirety. Accordingly, Auctus is entitled to an award of attorneys' fees and expenses.

**B. Auctus's Claimed Attorneys' Fees are Reasonable under the Lodestar Method Applicable Here.**

To determine the amount of Auctus's fees award, this Court utilizes the lodestar calculation method—the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. *See Tessemae's LLC v. Atlantis Capital LLC*, No. 18-cv-4902, 2019 WL 2635956, at *2 (S.D.N.Y. June 27, 2019). There is a "strong presumption that the lodestar figure represents a reasonable fee," *N.L. v. New York City of Dep't of Educ.*, No. 21-cv-11215, 2023 WL 2872624, at *2 (S.D.N.Y. Jan. 20, 2023) (quotation omitted), and adjustments should be made only in "rare"

2

circumstances, *Rosario v. City of New York*, No. 18-cv-4023, 2023 WL 2908655, at *3 (S.D.N.Y. Jan. 27, 2023) (quotation omitted). Particularly where the results obtained are exceptional, the attorneys' fees award should fully compensate the prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

Auctus obtained outstanding results here. Gibson, Dunn & Crutcher LLP represented Auctus in obtaining complete dismissal of Xeriant's case, defeating five causes of action and claimed damages of at least $7 million. *See* Dkt. 1, 28. In total, excluding the fees associated with bringing this motion, the attorneys and paralegals at Gibson Dunn billed 185 hours litigating this case to date. *See* Declaration of Marshall R. King ("King Decl.") ¶ 7. But, in the hopes of avoiding any further disputes and bringing an end to this particular litigation, Auctus has voluntarily limited this request to just the core timekeepers and tasks, excluding over 6.3% of total hours billed, and reduced the requested rates by roughly 4%-30% from what Auctus actually paid or, for more recent fees incurred, will be billed. Auctus's request for $158,060 in attorneys' fees—just 2.25% of the minimum claimed damages—is extremely reasonable, and should be awarded.

### 1. Rates Claimed by Auctus are Reasonable.

The requested rates for Gibson Dunn's attorneys are reasonable. "The reasonable hourly rate is one 'in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *Google LLC v. Starovikov*, No. 21-cv-10260, 2023 WL 2344935, at *2 (S.D.N.Y. Mar. 3, 2023) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the HYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).[1] That a "sophisticated client" agreed to pay and actually did pay the requested rates is "strong evidence

---

[1] The terms of Auctus's fee agreement provide that Auctus will be billed for legal services and reimbursable expenses on a monthly basis. Gibson Dunn charges for legal services at the hourly rates identified in the table that follows, and for computerized legal research (such as Lexis and Westlaw) and other out-of-pocket expenses.

that they are reasonable." *Doe 1 v. East Side Club, LLC*, No. 18-cv-11324, 2023 WL 4174141, at *6 (S.D.N.Y. June 23, 2023) (quoting *Infinity Transp. MSN 6651, LLC v. Synergy Aerospace Corp.*, No. 19-cv-209, 2023 WL 2789516, at *8 (S.D.N.Y. Feb. 24, 2023)). The rates Auctus requests are below:

| Timekeepers | Role | 2023 Billed Rate | 2024 Billed Rate | Requested Rate |
|---|---|---|---|---|
| Barry Goldsmith | Partner | $1,815 | n/a | $1,650 |
| Marshall King | Partner | $1,815 | $1,980 | $1,650 |
| M. Jonathan Seibald | Of Counsel | $1,265 | $1,435 | $1,100 |
| Brian Richman | Senior Assoc. | $1,210 | $1,335 | $1,000 |
| Zachary Copeland | Assoc. | $1,105 | n/a | $850 |
| Edward Ferguson | Assoc. | $960 | $1,220 | $800 |
| Elizabeth Fosburgh | Assoc. | $775 | n/a | $750 |
| Paralegals[2] | | n/a | n/a | $200 |

There is no question that the requested rates are reasonable for the work performed. This was at least a $7,000,000 case, in which plaintiffs' lawyers hurled (baseless) accusations of criminality. Moreover, a negative result for Auctus in this litigation could potentially have had major implications for convertible loans that Auctus made to other borrowers. Auctus was justified in retaining "top-flight counsel." *Orthopaedic Hosp. v. Encore Med., LP*, No. 19-cv-970, 2021 WL 5449041, at *14 (S.D. Cal. Nov. 19, 2021) (describing "a peer firm of Gibson Dunn" (cleaned up)). Gibson Dunn is top-flight. It is a global law firm with over 1,400 lawyers in 21 offices

---

[2] Different paralegals and other supporting personnel have different standard rates. For purposes of this Motion, Auctus requests a discounted rate of $200 per hour for each of its paralegals and other supporting personnel, even though their standard rates are all in excess of this amount.

4

worldwide. *See* King Decl. ¶ 2. The American Lawyer named Gibson Dunn its 2020 Litigation Department of the Year, and a Finalist in its 2021 Litigation Department of the Year competition. *Id.* That was the seventh time in a row that Gibson Dunn had been a finalist (with four wins)—an unprecedented achievement. *Id.* In 2023, both Chambers USA and U.S. News – Best Lawyers recognized Gibson Dunn as a top firm in securities litigation, and Benchmark Litigation US awarded the firm Tier 1 rankings for General Commercial and Securities litigation. *Id.* BTI Consulting Group also recognized Gibson Dunn as a Complex Commercial Litigation Powerhouse and a Securities and Finance Litigation Powerhouse in 2024, naming Gibson Dunn to the "Fearsome Foursome" BTI Litigation Outlook for 2024. *Id.* Law360 awarded Gibson Dunn the 2022 "Securities Litigation Group of the Year" award. Gibson Dunn is the only eight-time winner of that award. *Id.*

The Gibson Dunn team includes "some of the best [lawyers] in the country." *Trump v. Clinton*, No. 22-cv-14102, 2023 WL 333699, at *22 (S.D. Fla. Jan. 19, 2023). "In their ranks are litigators that have argued, and won, several cases before the U.S. Supreme Court; served in positions of great significance in government; graduated from … prestigious law schools; [and] clerked for federal district courts, circuit courts, and the U.S. Supreme Court …." *Id.* Accordingly, the Gibson Dunn team reasonably "charge[s] top dollar (as evidenced by the rates actually paid by [Auctus])." *Id.*

Barry Goldsmith was a partner at Gibson Dunn with more than 35 years of experience in the area of securities litigation and was one of the leading securities lawyers in the country.[3] He had extensive experience representing securities firms and other financial institutions, and was a frequent speaker on securities enforcement and regulatory issues at industry, legal and media

---

[3] Mr. Goldsmith sadly passed away on February 6, 2024, after briefing on Auctus' motion to dismiss was completed.

sponsored conferences.  King Decl. ¶ 23.  Prior to joining Gibson Dunn, Mr. Goldsmith was the top enforcement official at the National Association of Securities Dealers (now FINRA) and Chief Litigation Counsel at the SEC, where he was responsible for all enforcement litigation brought by the agency.  *Id*.  Mr. Goldsmith was consistently ranked as one of the top securities regulatory and enforcement lawyers in the nation by Chambers USA: America's Leading Lawyers for Business and The Best Lawyers in America.  *Id*.  Best Lawyers named Mr. Goldsmith the New York City Securities Regulation "Lawyer of the Year" for 2015 and 2018.  *Id*.

Marshall King is a partner at Gibson Dunn with more than 30 years of experience in securities and complex commercial litigation.  Mr. King was recognized in the 2024 edition of *The Best Lawyers in America* for his work in Commercial Litigation.  *Id.* ¶ 3.  Among numerous other matters, Mr. King obtained complete defense verdicts for Artémis in two federal jury trials brought by the California Insurance Commissioner alleging fraud in the rehabilitation of the Executive Life Insurance Company.  *Id.*  Mr. King also represented UBS in obtaining dismissal of $2 billion in common-law claims brought by the court-appointed trustee for Bernard L. Madoff Investment Securities, which was affirmed on appeal to the Second Circuit Court of Appeals.  *Id.*  He has wide-reaching experience bringing securities litigation to successful resolution for his clients.

M. Jonathan Seibald is Of Counsel at Gibson Dunn.  Mr. Seibald, a graduate of Harvard Law School, has 15 years of experience litigating securities and complex commercial matters, and has been recognized as "One to Watch" by *The Best Lawyers in America* in the area of securities litigation.  *Id.* ¶ 24. Mr. Seibald was the lead associate in successfully defending an AIG subsidiary in litigation over bank-owned life insurance in which plaintiffs sought over $1 billion in damages, but ultimately voluntarily dismissed their case with prejudice after extensive discovery and motion practice.  *Id*.  Mr. Seibald also played a leading role in successfully defending major investment

6

banks and wealth management firms in regulatory investigations and securities litigation arising from some of the most significant events in the financial industry in the last 15 years—from the 2008 financial crisis through the 2021 meme stock market events.  *Id*.

Brian Richman, a senior associate at Gibson Dunn, likewise has significant experience in financial services, regulatory, and complex litigation matters.  *Id.* ¶ 25.  A former securities compliance officer at Goldman Sachs, Mr. Richman graduated from Yale Law School in 2016 and clerked for Judge Stephen F. Williams on the U.S. Court of Appeals for the District of Columbia Circuit.  *Id*.  Mr. Richman frequently speaks on securities regulation matters at industry and legal events.  *Id*.  And he has been the lead associate on a number of high-profile regulatory and litigation matters, *id*.; he was the principal drafter of a legal memorandum the Wall Street Journal credited with defeating a controversial SEC rule proposal, *id*.; and he spearheaded the briefing in Amazon's unanimous appellate victory over the New York Attorney General, *see People v. Amazon.com, Inc.*, 205 A.D.3d 485 (N.Y. App. Div. 2022).  Mr. Richman briefed, argued, and won in the Ninth Circuit the exact statute-of-limitations question presented in this case.  *See Soc. Life Network, Inc. v. LGH Invs., LLC*, No. 22-55774, 2023 WL 3641791, at *1 (9th Cir. May 25, 2023).

The associate attorneys on Gibson Dunn's team are also highly qualified with outstanding credentials.  Zachary Copeland graduated from Harvard Law School and clerked on the Second Circuit and in the District Court for the District of Columbia.  King Decl. ¶ 26.  Edward Ferguson graduated from Stanford Law School and clerked on the Fifth Circuit and in the District Court for the District of Columbia.  *Id*.  Elizabeth Fosburgh graduated from the University of Virginia Law School and joined Gibson Dunn's litigation department, but has since left the firm to clerk in the Eastern District of New York.  *Id.*

7

With a similar team, Gibson Dunn has already represented Auctus in litigation arising under the Exchange Act. *See SEC v. Auctus Fund Mgmt., LLC et al.*, No. 23-cv-11233 (D. Mass). Gibson Dunn has briefed and won some of the same issues as in the instant case in other courts as well. *See, e.g.*, *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, No. 21-cv-21373, 2023 WL 5053985, at *1 (S.D. Fla. July 20, 2023), *report and recommendation adopted*, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023); *LGH Invs.*, 2023 WL 3641791.

The hourly rates requested for Gibson Dunn's attorneys and paralegals are in line with the billing rates for attorneys and paralegals with similar qualifications in New York City and elsewhere. In *Chevron Corp. v. Donziger*, No. 11-cv-0691 (LAK), Dkt. 2264 (S.D.N.Y. July 16, 2019), for example, this Court granted 100% of Gibson Dunn's $3.4 million fees request, with 2019 hourly rates ranging from $805 for associates to $1,395 for partners. *See* King Decl., Ex. C; *see also Roma Landmark Theaters, LLC v. Cohen Exhibition Co. LLC*, C.A. No. 2019-0585-PAF, 2021 WL 5174088, at *5 (Del. Ch. Nov. 8, 2021) (finding reasonable Gibson Dunn's rates, including Mr. King's then-applicable rate of $1,645 per hour); *In re TransPerfect Glob., Inc.*, C.A. 10449-CB, 2021 WL 1711797, at *23 (Del. Ch. Apr. 30, 2021) (finding reasonable Gibson Dunn partner rates ranging from $1,225 to $1,775 and associate rates of $695 to $1,120). Gibson Dunn's hourly rates were especially appropriate here because its attorneys brought to bear substantial expertise in the area of securities litigation and, significantly, the specific securities claims that Xeriant brought here. *See Ebbert v. Nassau Cty.*, No. 05-cv-5445, 2011 WL 6826121, at *18 (E.D.N.Y. Dec. 22, 2011) (approving rates based in part on the attorneys' "special expertise").

**2.   Hours Claimed by Auctus are Reasonable.**

The hours expended by Auctus's attorneys were reasonable, too. *See* Ex. A (detailed report generated from Gibson Dunn's accounting system reflecting billing entries for claimed hours). The reasonableness of the hours an attorney expends depends on "whether, at the time the work

8

was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d. Cir. 1992).  While the court should make "a conscientious and detailed inquiry" to ensure that the "number of hours were usefully and reasonably expended," *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994), "favorable results obtained" by a prevailing party support a finding that the hours billed were reasonable, *Najera v. 144 Ninth Gotham Pizza, Inc.*, No. 12-cv-3133, 2017 WL 728703, at *2 (S.D.N.Y. Feb. 24, 2017).

The hours that Auctus's attorneys from Gibson Dunn expended were reasonable and necessary to successfully defend Auctus against Xeriant's numerous claims.  Auctus's legal team initially was required to conduct a review and factual investigation of Xeriant's complaint.  *See* King Decl. ¶ 14.  As part of that investigation, Auctus's counsel had extensive discussions with Auctus's principals; analyzed the agreements at issue; investigated Xeriant's securities filings; and corresponded with Xeriant's counsel regarding the claims.  *Id*. ¶¶ 14, 15.  The information discerned from this investigation was critical to an effective defense—and was efficiently accomplished in about 12 hours.  *See id.*, Ex. A.

Auctus's counsel then had to research and draft a motion to dismiss.  *See id.* ¶ 15.  This was no small task.  Xeriant's complaint contained five causes of action, with several causes of action attempting to state claims under Massachusetts and New York law.  *See* Dkt. 1.  Given the contract's Nevada choice-of-law clause, counsel also had to investigate (and brief) the viability of Xeriant's claims under Nevada law.  Responding to all of these claims required significant legal research, followed by careful and skilled drafting.  *See* King Decl. ¶ 15.  Given the multi-million-dollar stakes, Auctus's lawyers performed all of this work in an extremely efficient manner.  The partners, Mr. Goldsmith and Mr. King, developed the overall litigation strategy and supervised the work performed, but appropriately delegated to the of counsel, associate and paralegal team the

bulk of the work. *Id.* ¶ 12. The of counsel, associates and paralegals accounted for over 94% of the 173.3 hours billed in connection with preparing the briefs in support of Auctus' motion to dismiss Xeriant's complaint and responding to Xeriant's motion to vacate this Court's order dismissing this case (and handling other preliminary matters)—and achieved significant success in obtaining dismissal of the entire complaint with prejudice. *See id.*, Ex. A.

All in all, the Gibson Dunn team defeated Xeriant's five causes of action seeking at least $7,000,000 in damages under federal, Massachusetts and New York law, in just 185 hours—for which Auctus seeks reimbursement of only 173.3 hours. This represents a haircut of greater than 6% on the total hours billed by Gibson Dunn—and, when combined with the discount from the billed rates for those attorneys that is sought on this motion, *see supra* at 4, constitutes an overall discount of 25% from what Auctus actually paid or, for more recent entries, will be billed—and is plainly reasonable for the complete victory the Gibson Dunn team obtained.

\*   \*   \*

Based on the reasonable hour and reasonable rates explained above, Auctus has computed the lodestar to be $158,060:

| Timekeepers | Role | Requested Rate | Requested Hours | Requested Fees |
|---|---|---|---|---|
| Barry Goldsmith | Partner | $1,650 | 3.8 | $6,270 |
| Marshall King | Partner | $1,650 | 6.1 | $10,065 |
| M. Jonathan Seibald | Of Counsel | $1,100 | 58.7 | $64,570 |
| Brian Richman | Senior Assoc. | $1,000 | 20.4 | $20,400 |
| Zachary Copeland | Assoc. | $850 | 34.1 | $28,985 |
| Edward Ferguson | Assoc. | $800 | 23.5 | $18,800 |

| Elizabeth Fosburgh | Assoc. | $750 | 6.6 | $4,950 |
|---|---|---|---|---|
| Paralegals | | $200 | 20.1 | $4,020 |
| **Total** | | | 173.3 | $158,060 |

### C. Auctus is Entitled to Particularized Research Expenses.

Auctus is also entitled to recover its actually incurred electronic research (Westlaw) expenses. "'Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *LeBlanc-Sternberg*, 143 F.3d 748, 763 (2d Cir. 1998) (quoting *U.S. Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989)); *see also Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." (citation omitted)). Although Westlaw subscriptions may not be compensable, "Westlaw charges incurred to access cases relevant to the instant dispute should be compensable, especially if the law firm has decided to shift those expenses to a paying client." *Odeon Capital Grp., LLC v. Ackerman*, No. 16-cv-264, 2018 WL 1089749, at *5 (S.D.N.Y. Feb. 2, 2018). Here, Auctus reasonably incurred (and paid or will be billed) $5,360.52 in Westlaw charges specific to its defense of claims brought by Xeriant. *See* King Decl., Ex. B. Auctus is therefore entitled to an additional award of fees in that amount.

**CONCLUSION**

For the foregoing reasons, Auctus respectfully requests that the Court award Auctus (1) $158,060 in attorneys' fees, (2) $5,360.52 in research expenses, and (3) the attorneys' fees and expenses incurred in briefing this motion.[4]

Dated:  New York, New York
        February 23, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Marshall R. King*
Marshall R. King
M. Jonathan Seibald
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
MKing@gibsondunn.com
MSeibald@gibsondunn.com

*Attorneys for Defendant Auctus Fund LLC*

---

[4] Gibson Dunn estimates it will expend approximately 40 attorney hours to fully brief the attorneys' fees motion, including a reply brief, approximately 18 hours of which were already recorded through February 21, 2024. *See* King Decl. ¶ 31.

**CERTIFICATE OF COMPLIANCE**

     I hereby state, pursuant to Southern District of New York Local Civil Rule 7.1(c), that the foregoing brief was prepared using Microsoft Word. According to Microsoft Word's word count feature, the total number of words in the foregoing brief (excluding the caption, table of contents, table of authorities, signature block, and this certification) is 3,389.

Dated: September 8, 2025

By: */s/ Marshall R. King*

Marshall R. King