USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 10-21-25
DATE FILED:

MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XERIANT, INC.,

        *Plaintiff*,

v.

AUCTUS FUND, LLC,

        *Defendant*.

No. 1:23-cv-9200-LAK

### DEFENDANT'S RENEWED NOTICE OF MOTION FOR ATTORNEYS' FEES

Pursuant to this Court's March 11, 2024 order (Dkt. 41), Defendant Auctus Fund, LLC provides notice that it will renew its motion for attorneys' fees (Dkts. 32-34) at a time and date to be determined by the Court. The Court previously denied the motion "without prejudice to renewal on existing papers within 30 days of the determination of the appeal." Dkt. 41. The Second Circuit issued its mandate on August 8, 2025. *See Xeriant, Inc. v. Auctus Fund, LLC*, No. 24-682 (2d Cir.). Accordingly, Defendant respectfully renews its motion on existing papers, supplemented to include fees associated with the appeal. Based on the accompanying Memorandum of Law, Declaration of Marshall R. King, dated February 23, 2024, the exhibits attached thereto, the Declaration of Brian A. Richman, dated September 8, 2025, and the exhibit attached therefore, Defendants respectfully seek an order awarding $163,421 in attorneys' fees and expenses for proceedings before this Court, plus $428,622 in fees for proceedings before the Second Circuit.

<u>Memorandum Endorsement</u>                    <u>Xeriant, Inc. v. Auctus Fund, LLC, 23-cv-9200 (LAK)</u>

The complaint in this action sought rescission of certain transaction documents between the parties on the theory that they are void by virtue of Section 29(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78cc(b), because defendant at the time of the transaction was a "dealer" within the meaning of the Exchange Act and was required thereby to have registered with the SEC but had not done so. It asserted also various state claims for relief. Defendant moved to dismiss the entire complaint. That motion was granted in full in short order, and the dismissal was affirmed on appeal. *Xeriant, Inc. v. Auctus Fund, LLC*, No. 23-cv-9200 (LAK), 2024 WL 1151719 (S.D.N.Y. Feb. 9, 2024), *aff'd*, 141 F.4th 405 (2d Cir. 2025).

Defendant now moves for the award of attorneys' fees under agreements between the parties that provide in substance that the prevailing party in any litigation between them arising out of or in connection with the agreements for the relevant transactions would be entitled "to recover from the other party its reasonable attorney's fees and costs."

Plaintiff tacitly concedes its contractual liability but argues that the fees and expenses sought were unreasonable under the governing standard, which it submits is the law of Nevada. In particular, it argues that defendant's counsel overstaffed the case and, among other things, that the amount of work done was excessive, the hourly rates too high, and the charge of about $5,300 for Westlaw research insufficiently detailed in terms of the needs of the case. In addition, it claims that the Circuit's affirmance created a circuit conflict, that plaintiff intends to seek certiorari, and that the motion for attorneys' fees should be stayed pending Supreme Court resolution of the alleged conflict. There is no merit to any of these arguments.

1. The 185 hours devoted to this case at the district court level in consulting with the client, investigating the facts, reviewing and analyzing the complaint, and briefing and litigating to a successful conclusion the motion to dismiss the complaint were quite reasonable, as were the hourly rates normally charged by defendant's counsel's personnel. Moreover, defendant is seeking recovery for only 173 hours spent on the case and 40 hours for the fee application. In addition, it is seeking recovery at rates discounted somewhat from its normal charges. Overall, the amounts sought are $158,060 as a fee for professional services plus $5,360.52 for Westlaw costs. Such an award is fair, reasonable, and adequate by any measure, including the law of Nevada assuming *arguendo* that it supplied the rule of decision.

2. Defendant's counsel devoted substantially more hours to plaintiff's appeal – 321 hours – and seeks a substantially higher fee – $428,622 – for its efforts at that level. Once again, plaintiff claims that the time devoted to the appellate work and the rates billed for it were unreasonable. But it offers little real support for that argument. There are no expert opinions. There is no analysis of the time spent in rebriefing points briefed below in contrast to briefing for the first time an argument that plaintiff debuted in its appellate brief. There is no factual support for the contention that the hourly rates were out of line by current standards. It ignores the fact that substantial time properly was spent in preparation for the important appellate argument, whereas the motion to dismiss in the district court was decided on submission with no need for preparing for oral argument. It ignores too the fact that defendant's counsel swiftly obtained a complete dismissal of plaintiff's roughly $7 million claims and sustained that decision on appeal – an excellent result procured by accomplished counsel that is entitled to consideration in fixing a fee award. And it

ignores also that defendant's law firm has had substantial fee applications based on comparable rates held to be reasonable by this and other courts. Nevertheless, the Court has reviewed all of defendant's time records and finds some basis for plaintiff's argument with respect to the fees sought for the appeal.

As noted, the fee application for the appeal seeks compensation for approximately 321 hours. By the Court's rough calculation, over 100 hours of that time was spent in one form or another in preparation for the oral argument. No doubt there are appeals for which such lavish preparation is well warranted. With defendant's able counsel, however, the Court is not persuaded that this was one of them. Accordingly, the Court will reduce the requested fee for the appeal by 20 percent – i.e., award a fee of $342,897 for the appeal.

3. There is no persuasive argument to stay the decision on this motion. As plaintiff has demonstrated in its reply memorandum, there is no circuit conflict. Dkt 50, at 2. Indeed, thus far, plaintiff has not filed a cert. petition. Were it to do so, a grant, let alone a reversal, would appear to be a very remote possibility.

Accordingly, defendant's motion is granted in all respects. The Clerk shall enter judgment in favor of defendant and against plaintiff in the aggregate amount of $506,317.52.

SO ORDERED.

Dated:      October 21, 2025

_____
Lewis A. Kaplan
United States District Judge